### CITY OF FORT WORTH V. MIKE MANSFIELD ET AL.

Decided December 1, 1906.

Street—Prescription.

Where the public, as contradistinguished from the municipality, has used a piece of land for the purposes of a street in such manner and for such time as to acquire an easement as against the owner, the city, within whose limits the land is situated, can assert the rights of the public thus acquired without having itself in its municipal capacity claimed the easement for the period of prescription.

Appeal from the District Court of Tarrant County. Tried below before Hon. Irby Dunklin.

*E. C. Orrick,* for appellant.—In order that a street may be acquired by a city by prescription or limitation, it is not necessary that the city itself should have claimed the property as a public street, but it was only necessary that the general public should have used said property for the purpose of travel continuously and without interruption for a period of ten years before the filing of the suit, claiming the right to do so. Evans v. Scott, 11 Texas Ct. Rep., 643; City of Fort Worth v. Cetti, 85 S. W. Rep., 826; Temple v. Sanborn, 14 Texas Ct. Rep., 745.

*R. L. Carlock,* for appellees.—Before an incorporated city can acquire title to real estate belonging to a citizen or obtain an easement therein by limitation of ten years, it is absolutely necessary for the city in seeking to enforce its rights to such land or easement, to show that the public has used the same continuously and without interruption for the full statutory period under a claim of right on the part of the city to use the same property as a public street adversely to the world. The court having so charged, no error is shown. Cunningham v. San Saba County, 1 Texas Civ. App., 480; De George v. Goosby, 8 Texas Ct. Rep., 892; Gulf, C. & S. F. Ry. v. Montgomery, 85 Texas, 67; Gilder v. City of Brenham, 67 Texas, 350.

SPEER, ASSOCIATE JUSTICE.—The city of Fort Worth instituted this suit in trespass to try title to recover from appellees a small tract of ground claimed by it as a street of the city of Fort Worth, designated as Henrietta Street. The property originally belonged to the defendant Mike Mansfield, the other defendants being his tenants. The defendants made the usual answer of "Not Guilty" and a trial before a jury resulted in a verdict in their favor.

Upon the trial the right of the city to recover upon the theory of prescription was a material issue and was predicated upon the contention, which the proof tended to support, that the public generally had used said property for the purposes of a street continuously and without interruption for the period of ten years before the filing of this suit.

In submitting this issue to the jury, the court did it in such manner as to require a finding that the city of Fort Worth claimed said property as a public street during said prescriptive period, before a verdict could be returned in its favor. This is the sole question raised on the appeal. That is to say, whether or not, where the public, as contradistinguished from the municipality, has used a piece of property for the purposes of a street in such manner and for such time as to acquire an easement as against the owner, can the city within whose limits such property is situated assert the rights of the public thus acquired, without having itself claimed the easement for the full period of prescription? We think the question must be answered in the affirmative. In Evans v. Scott, 11 Texas Ct. Rep., 643, it is held that the public may acquire a prescriptive right to use another's land as a public road, irrespective of any claim of right on the part of the Commissioners' Court of the county. The case of City of Corsicana v. Zorn, 9 Texas Ct. Rep., 296, was one in which the owner of land had platted the same into lots, streets and alleys, and had sold lots with reference to such plat. In a contest between the city and the original owner, it was held that by such conduct the latter had irrevocably dedicated the streets to the public, and that the city was authorized to assume control of them whenever it might see fit to do so, irrespective of whether it had previously formally accepted the dedication, or not. See, also, Sanborn v. City of Amarillo, 15 Texas Ct. Rep., 438.

While the cases last cited are cases of dedication and this one of prescription, we think the principle there announced is applicable here. Whether the public, as contradistinguished from the municipality, acquires the right to a road or street by dedication or prescription, can make no difference so far as the nature of its use is concerned, nor so far as the right of the municipality to exercise control over it is concerned. The right in each instance is the same, though the method of acquirement is in some respects quite different. It is insisted by appellees that if this is the law, then a city may be forced without its consent to assume control of all streets dedicated to the public, or which the public may acquire by prescription, and thereby to incur expenses and liabilities which it otherwise would not incur. But such is not the case. In the Supreme Court case of Corsicana v. Zorn, *supra*, the following language is quoted with approval: "Nor does the proprietor or the purchaser anticipate that all the streets shown upon the plat will be immediately opened and used. It is generally known and understood that a large portion of them will not be required for use for many years after the town is laid out; that their necessity will depend upon its future development and growth, and that they will remain in abeyance until the public exigencies demand that they be opened and improved. Nor does the dedication impose any such burden upon the public as would imply that its acceptance might be refused." So that it would follow, a city might decline to assume immediate control over streets thus acquired by the public, so as to avoid the consequences anticipated by appellees, but such declination could not defeat the rights of the public to the easement. We accordingly hold that if the public generally had acquired a prescriptive right to an easement in appellee's land, the city of Fort Worth, as the organized representative of the public, may

assert such right, whether it has asserted the same for the period of ten years or not, and the court's charge to the contrary was error, for which the case must be reversed.

*Reversed and remanded.*