Bernard J. DUGO

v.

PENNSYLVANIA RAILROAD COMPANY, a corporation.

Civ. No. 11201.

United States District Court, W. D. Pennsylvania.

Nov. 17, 1954.

Dennis C. Harrington ·and James P. McArdle, Pittsburgh, Pa., for plaintiff.

Bruce R. Martin, and Dalzell, Pringle, Bredin & Martin, ·Pittsburgh, Pa., for defendant.

McVICAR, District Judge.

Plaintiff, a brakeman in the employ of the defendant February 1, 1953, brought this action under the··Federal Employer's Liability Act, 45 U.S.C. § 51 et seq., to recover· damages for negligence.  The jury on October 20, 1954 re-

turned a verdict in favor of the plaintiff for $2,200, and judgment thereon was entered the same day. On November 1, 1954 the defendant filed its motion for a new trial which is now before the Court. This motion was served too late. Rule 59(b), 28 U.S.C., provides that a motion for a new trial must be served within ten days after entry of judgment. Rule 6(a) provides that a half-holiday shall not be considered as a holiday. Rule 6(b) provides that the Court may not extend time for action involved in Rule 59(b). Consequently, the motion for a new trial was filed too late under the Rules, but considering the motion for a new trial on the merits and the reasons alleged therein, I am of the opinion that the motion should be refused.

■ Reason 1 alleges that the verdict was inadequate. That cannot be sustained. The amount of the damages was not large and there was a serious question submitted to the jury of whether plaintiff was guilty of contributory negligence which contributed to the injuries in this case. I cannot determine now whether the jury found him guilty of contributory negligence or not.

■ Reason 2 alleges that the verdict was against the weight of the evidence. This reason cannot be sustained because the evidence, with the inferences that could be drawn therefrom, was a question of fact upon which jurors could differ much in their conclusions. I cannot state under the evidence that the jury made any mistake in the finding that they made in this case.

■ Reason 3(a) charges that the Court erred in failing to charge the jury upon the credibility of the parties and the witnesses. This reason cannot be sustained. The jury was specifically instructed that their findings must be based on what they found to be credible evidence and at the conclusion of the Judge's charge the Court requested the parties through their attorneys to advise the Court whether any further instructions were desired. Both attorneys replied that they had no requests.

■ Reason 3(b) charges that the Court erred in reading certain points for charge submitted by the defendant. Defendant submitted one point which read, "The jury is directed that they are not to take into consideration the termination of plaintiff's employment by the defendant as an element of damages in this action." There was no evidence that the termination of plaintiff's employment was caused by the accident in this case or that it was not justified. This point was properly read to the jury.

■ Reason 3(c) charges that there was error "In refusing to withdraw a juror after certain improper remarks made by the attorney for the defendant in his closing argument to the jury were called to the Court's attention." Defendant's attorney in his argument stated to the jury that one of the jurors had sat in a case prior to the one on trial but made no statement of facts in regard to such case other than that it was a similar case. The Court in its charge to the jury stated to them that they should not consider any other case which they had previously tried, that this case was to be tried upon the evidence taken in this case, the law given to them by the Court, and, therefore, any prior case in which a juror sat should be disregarded and this case decided upon the facts of this case with the law as given to them by the Court. This is not the exact wording used but it was the substance of the Court's charge.

I am of the opinion, therefore, that while this motion for a new trial is not properly before the Court for the reasons stated, yet on its merits it should be refused.