Dorothy Anne MICKEY, etc., and Willie Holden, Plaintiffs-Appellees,

v.

TREMCO MANUFACTURING COMPANY. Defendant-Appellant.

No. 11415.

United States Court of Appeals Seventh Circuit.

Nov. 3, 1955.

R. J. Sutherland, Madison, Wis., for appellant.

Ray A. Tomlinson, Robert W. Arthur, Madison, Wis., for plaintiffs Dorothy Anne Mickey, etc., and Willie Holden.

Before FINNEGAN, SWAIM and SCHNACKENBERG, Circuit Judges.

FINNEGAN, Circuit Judge.

Tremco Manufacturing Company, defendant, manufactured and packaged a roof preservative which was being used by James A. Mickey and Willie Holden on the mid-morning of October 9, 1951. These two men brought a 40 gallon drum of defendant's preservative into a position on the ground near the structure on which was situated the roof to be treated. They first drew off some of the Tremco Roof Preservative by unscrewing the bottom bung and loosening the top one to admit air. Observing that the drum's contents was thick, they drew off a little of defendant's compound and put a quantity of it in two separate empty pails, which, in turn were placed on either side of the drum. The compound, in the buckets, was then ignited and each pail placed beside the drum in order to heat its contents. Mickey and Holden then carried some more of defendant's product, drawn off earlier, to the roof and commenced spreading it. When they needed additional preservative Mickey descended to the ground, and, then Holden saw him standing in front of the drum, but did not notice what Mickey was doing. From the roof, some fifteen to twenty feet above the

ground, Holden saw a flash and observed Mickey afire, running out of and from the flames in the drum's vicinity. Holden testified that he had heard a hissing noise. After the accident he observed some compound on the ground. Mickey died, at the hospital, a short time later, from second and third degree burns involving seventy to eighty percent of his body surface.

Through competent testimony of chemists and other witnesses, it was established that Tremco Roof Preservative consisted, by volume, of: non-volatile asphalt bitumen 62.20%, pigment-asbestos fibre (non-volatile) 2.5% and volatile mineral spirits 35.30%. The flash point of the mineral spirits was 84° Fahrenheit, its fire point 125° Fahrenheit.

Defendant appeals from a judgment entered below, December 10, 1954, resting on a jury's verdict, under which plaintiff-special-administratrix, Dorothy Anne Mickey, was awarded $14,972.10, and $325, and Holden, as co-plaintiff, $65. These are net figures resulting from application of the jury's percentage of apportioned want of ordinary care (in the special verdict) between Mickey (35%), Holden (35%) and defendant (65%).

■ Though the jury's verdict was returned and received on November 19, 1954, defendant waited until December 8, 1954 to file its composite motion for judgment notwithstanding the verdict, to change various answers in the special verdict, and for a new trial. Timely objections to defendant's motions were interposed by plaintiffs who invoked Rule 50(b) and Rule 6(d), Fed. Rules Civil Procedure, 28 U.S.C.A. In their brief, plaintiffs contend defendant's tardy motion for judgment notwithstanding the verdict is excluded, by force of those Rules, from our consideration. We think that position is sound under the Rules and authority of Johnson v. New York, N. H. & H. R. Co., 1952, 344 U.S. 48, 73 S.Ct. 125, 97 L.Ed.

77. See also: Southeastern Greyhound Lines v. McCaffery, 6 Cir., 1948, 169 F.2d 1, and MacKay v. Costigan, 7 Cir., 1950, 179 F.2d 125, 127, for a discussion and explanation of motions of directed verdict and judgment notwithstanding the verdict. The motion for a new trial in all its aspects was correctly disposed of below.

■ Various challenges presented by the defendant centering about the form of questions in the special verdict are disposed of by our earlier holding reported as Tillman v. Great American Indemnity Co. of New York., 7 Cir., 1953, 207 F.2d 588, 593:[1]

"A special verdict, making as it does specific inquiry as to facts, is a procedural device of great practical usefulness, 25 Va.L.Rev. 261. For instance, negligence cases as well as many other types of controversies in Wisconsin are customarily submitted to the jury on a special verdict. It is a widely accepted and approved procedure. However, in the submission of a special verdict or interrogatories to accompany a general verdict, federal courts are governed by Rule 49, Federal Rules of Civil Procedure, 28 U.S.C.A., and not by the law of the State. * *

"When the trial court utilizes the device of a special verdict, although he has wide discretion as to the form and contents of the questions, he should, especially when requested so to do, submit questions or interrogatories covering all the issues raised by the pleadings. * * * "

Despite defendant's comprehensive assortment of points, we found in them none warranting us in disturbing the judgment appealed. Accordingly the judgment of the District · Court is affirmed.

Judgment affirmed.

SWAIM, Circuit Judge.

I concur in the result.

1. See also: Thorp v. American Aviation & General Insurance Co., 3 Cir., 1954, 212 F.2d 821, 830.