**Barbara HOWARD, By her Next Friend, Mary Howard, Plaintiff-Appellant,**

v.

**CINCINNATI SHEET METAL AND ROOFING CO., Inc., Defendant-Appellee.**

No. 11539.

United States Court of Appeals Seventh Circuit.

June 6, 1956.

Hansford C. Mann, Terre Haute, Ind., for appellant.

Eaton J. Dudley, Benjamin G. Cox, Gambill, Dudley, Cox, Phillips & Gambill, by Clay A. Phillips, Terre Haute, Ind., for appellee.

Before DUFFY, Chief Judge, and FINNEGAN and SWAIM, Circuit Judges.

DUFFY, Chief Judge.

This suit involves a claim for damages arising from injuries suffered by plaintiff resulting from a collision of motor vehicles upon a public highway in the State of Indiana. Plaintiff, a minor, was a passenger in a Plymouth automobile which was being driven by her cousin, Patricia Kellum, in a southerly direction on Highway 59. Defendant's Buick au-

tomobile was being driven by its agent and employee in a northerly direction on said highway. A front-end collision occurred between these two automobiles and plaintiff suffered serious injuries.

The collision occurred shortly after noon on a straight stretch of paved highway. Plaintiff's version was that the automobile in which she was riding was traveling in a southerly direction on the west side of the highway at a speed of about 40 miles per hour; both plaintiff and her cousin saw defendant's car approaching from a distance of about three city blocks or a quarter of a mile. Both testified that the Buick was on their side (west) of the highway, and they thought defendant's driver would turn to his right side (east) of the highway. It is admitted there was nothing to obscure the vision of either driver. Plaintiff claims that when defendant's automobile, traveling at a speed estimated at from 65 to 85 miles per hour, was about 150 to 200 feet distant, the driver of the Plymouth car swung her automobile to her left in an attempt to avoid defendant's automobile, and at about the same moment the driver of defendant's car swung to the east side of the highway, and the collision occurred at a point just about on the eastern edge of the pavement.

Defendant's version was that its driver was driving the Buick in a normal manner at about 55 miles per hour; that he saw the Plymouth automobile 600 to 800 feet distant; that when the Plymouth got within 150 to 200 feet of his automobile, traveling at a rapid rate of speed, it began angling over to the east side of the highway. Defendant's driver testified he couldn't go into the ditch because it was dangerous. He claimed that at no time was he on the west side of the pavement. He testified the driver of the Plymouth was looking toward the plaintiff who was on the front seat with her, either reading a letter, adjusting plaintiff's hair, looking at a picture or lighting a cigarette.

In spite of that rather simple negligence situation the trial court gave to the jury a total of eighty-nine instructions consisting of more than 10,200 words. The jury retired at 1:32 P. M. taking the instructions with them. At 12:10 the following morning, after continuous deliberation, the Court called the jury to the courtroom and read a supplemental instruction to the effect that the Court and its staff were going to bed, and that if the jury reached a verdict, they too should go to bed and report back at 3:30 P. M. Sometime thereafter a verdict in favor of the defendant was reached and report was made to the Court as directed.

■ Plaintiff asserts as error that in the voluminous and repetitious instructions undue prominence and emphasis were given to the defendant's theory. After carefully considering the lengthy instructions, we conclude that prejudicial error occurred, and the plaintiff is entitled to a new trial.

■ In Wetherbee v. Elgin, Joliet & Eastern Ry. Co., 7 Cir., 191 F.2d 302, at page 311, this Court said: "Over the objection of defendant the trial court gave six instructions which repeated the duty of the defendant to furnish a safe place to work. In a negligence action the instruction should not give undue prominence to particular issues or theories. * * * Such frequent repetition of the phrase, 'safe place to work,' might lead a jury to believe that the fact of injury, rather than negligence, was the test of liability. * * *"

Indiana authorities are to the same effect. In Robbins v. Fugit, 189 Ind. 165, 168, 126 N.E. 321, 322, the Court said: "Appellants also complain of the court's action in repeating propositions of law applicable to the facts in numerous instructions. On the subject of undue influence alone, the court gave 14 or 15 instructions. * * * When an instruction is once given which fully covers a subject, it should not be repeated. Such needless repetition amounts to an argument on the part of the court and may mislead the jury. It is not always reversible error, but it is always bad practice.

It has been repeatedly condemned. [Citing cases.] The instructions are entirely too voluminous. The court gave, in all, 60. This necessitated his covering the same ground again and again. Such constant repetition of propositions of law tends to mislead and confuse the jury. On retrial these instructions should be reduced to limits less confusing."

In Fowler v. Wallace, 131 Ind. 347, 31 N.E. 53, at a time when proof of justification for slander had to be proved beyond a reasonable doubt, the Supreme Court of Indiana reversed, because of the repetition of that proposition of law seven times.

A good statement of the evils of repetition in instructions is contained in the Illinois case of Baker v. Thompson, 337 Ill.App. 327, 85 N.E.2d 924, at page 926–927, where the court said: "We deem it unnecessary to burden this opinion with a complete recital of all of the defendant's instructions that were given, but suffice it to mention for the purpose of this opinion that in seven different instances the jury was told in some form that 'plaintiff must be free of contributory negligence.' Two of these instructions were long and argumentative. Seven times was the jury told that 'plaintiff must prove her case by a preponderance of the evidence'. And fourteen times the jury heard the trial judge say: 'You must find the defendant not guilty' or 'the plaintiff cannot recover.' * * * The jury could very easily have concluded that the trial judge was making another argument in behalf of the defendant. It is not unnatural for a jury to have great respect for the wisdom of the trial court. Likewise it is not unreasonable for them to adopt the views that the court apparently entertains." A new trial was granted.

The only issue in this case was whether defendant's driver was negligent and if so, whether such negligence was the proximate cause of plaintiff's injuries. Contributory negligence by plaintiff was not charged. The issue could have been submitted with relatively short instructions. Although not so intended, the instructions leaned heavily in favor of the contentions of the defendant. Roughly there were twice as many favorable instructions given for the defendant as there were for the plaintiff. The jury was told twenty times "your verdict should be for the defendant", "plaintiff cannot recover", "defendant would not be liable" and "defendant would not be guilty of negligence."

■ ■ Although we think the instructions as a whole unduly emphasized defendant's version of the case, we invite attention to Instruction 28 relating to an emergency situation. We think the last sentence of this instruction was unfortunately and prejudicially phrased. The court said: "The fact that Charles N. Steppe (defendant's driver) had to act suddenly in such an emergency and without an opportunity for deliberation is a circumstance to be taken into consideration in determining what was ordinary care under the circumstances as they then existed." Although plaintiff's attorney specifically objected to the sentence just quoted no correction or modification was made by the court. It is apparent that one of the most important questions which was to be resolved by the jury was whether the emergency situation was created by the acts of the defendant or by the driver of the automobile in which plaintiff was riding. It is fundamental that "No instruction should be given which thus assumes, as a matter of fact, that which is not conceded or established by uncontradicted evidence." Knickerbocker Life Ins. Co. of New York v. Foley, 105 U.S. 350, 354, 26 L.Ed. 1055.

■ Apparently many of the repetitious instructions were requested by counsel for defendant. However, such requested instructions should have been denied when other portions of the instructions adequately presented the proposition involved. It is the practice of many trial courts to merely make a notation on the record that an instruction is refused because it is adequately covered by other portions of the charge.

Defendant makes the point that plaintiff's counsel did not specifically object to all of the instructions which now appear to be repetitious, citing Rule 51, Federal Rules of Civil Procedure, 28 U.S. C.A. However, plaintiff's counsel did bring to the attention of the court his objection that numerous portions of the charge were repetitious. One objection which he urged, pointed out that Instruction 40 was "repetitious of and fully covered by Instructions 39, 58, 59, 60, 61 and 66, as well as many other Instructions." We hold it was unnecessary to break down the objection to the instructions into smaller segments or components in order to point out their repetitious nature. We think there was a sufficient compliance with Rule 51.

Judgment reversed and remanded for a new trial.