Edward T. **HULSON** and **Walter A. Christensen, Plaintiffs,**

v.

**ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY, a corporation, Defendant.**

No. 58 C 847.

United States District Court
N. D. Illinois, E. D.

Sept. 7, 1960.

Patterson & Franks, Robert A. Sprecher, Len Young Smith, Chicago, Ill., for plaintiffs.

W. J. O'Brien, Gus Soolos, Chicago, Ill., for defendant.

KILKENNY, District Judge.

Action for damages for personal injuries sustained in accident on December 27, 1957. A judgment was entered on the "not guilty" verdict of the jury on

June 7, 1960.[1] Plaintiffs, on June 16, served notice on defendant that they would appear before the Court on June 17 and request an extension of time for the filing of a motion for a new trial. On that date plaintiffs' attorney orally moved the Court for an order extending the time in which to file plaintiffs' motion for a new trial. Defendant was represented by its attorney. Plaintiffs' counsel stated that defendant's counsel had no objection. The following occurred in open court:

"\* \* \* The Court: \* \* \* Would you be available later this afternoon?

"Mr. Patterson:[2] Yes, Your Honor, but counsel has no objection. I am merely asking for an extension of time in which to file my motion for a New Trial.

"The Court: All right, if that is all you are asking, why the motion is granted.

"Mr. Patterson: You will extend the time for what period, your Honor?

\* \* \* \* \* \*

"The Court: I see. Then we will extend it for an additional ten days.

\* \* \* \* \* \*

"Mr. Svolos:[3] There is only one thing I would like to point out to the Court; I will be gone for the next two months. I will be out on the West Coast. It would be impossible for me to argue this orally this summer."

On the same day the following entry was made in the Court's docket:

"On motion of plaintiffs, time to file motion for judgment notwithstanding the verdict or, in the alternative, for a new trial extended for a period of ten days, briefs to follow."

Plaintiffs, on June 27, filed a motion for judgment notwithstanding the verdict, or in the alternative, for a new trial and on the same day copies thereof were served on attorneys for defendant.

On July 15, defendant filed a motion to strike the plaintiffs' motion for a judgment notwithstanding the verdict, or in the alternative, for a new trial on the ground that said motions were not made within the time and limits prescribed by Rule 50(b)[4] and Rule 59 (b), (d) and (e) and that the Court was prohibited from enlarging the time in which to make such motion by the provisions of Rule 6(b).

Plaintiffs concede the effect of the Rules cited by defendant, but attempt to avoid the application of such rules by:

(1) urging the Court to treat the motion for an extension of time as a motion for a new trial, and

(2) asking the Court for relief under Rule 60(b), which provides in substance that a Court may relieve a party or his legal representative from a final judgment, order or proceeding for reasons, among others, of mistake, inadvertence, surprise and excusable neglect, or any other reason justifying relief from the operation of the judgment.

Since plaintiffs' motion for judgment notwithstanding was not made within ten days after the reception of the verdict, Rule 50(b) prohibits consideration of such motion and the trial judge is without power to act on such motion. Johnson v. New York, etc., 1952, 344 U.S. 48, 73 S.Ct. 125, 97 L.Ed. 77; Mickey v. Tremco Manufacturing Co., 7 Cir., 1955, 226 F.2d 956. The trial court is without power to enlarge the time within which to file such a motion under the provisions of Rule 6(b).

1. All subsequent dates 1960.
2. Plaintiffs' attorney.
3. Defendant's attorney.
4. Federal Rules of Civil Procedure, 28 U.S.C.A.

Mickey v. Tremco Manufacturing Co., supra.

■ Likewise, Rule 59(b), (d) and (e) prohibit the Court from entertaining the motion for a new trial made after the expiration of ten days. 6 Moore's Federal Practice, 2d Ed., p. 3849, 1959 Supplement, p. 77; Dugo v. Pennsylvania Railroad Co., D.C.W.D.Pa.1954, 125 F.Supp. 934; Steward v. Atlantic Refining Co., 3 Cir., 1956, 235 F.2d 570; Fine v. Paramount Pictures, 7 Cir., 1950, 181 F.2d 300.

■ Rule 6(b) forbids the trial judge from enlarging the time in which to file such a motion. John E. Smith's Sons Co. v. Lattimer Foundry & Machinery Co., D.C.Pa.1956, 19 F.R.D. 379; Safeway Stores, Inc. v. Coe, 1943, 78 U.S. App.D.C. 19, 136 F.2d 771, 148 A.L.R. 782.

From the foregoing it is clear that defendant's motion to strike should be allowed unless plaintiffs are entitled to relief under their contentions (1) and (2), or either of them.

■ 1. Plaintiffs urge that their motion for an extension of time should be treated as a motion for a new trial and cite Witt v. Merrill, 4 Cir., 1953, 208 F.2d 285; Fishbaugh v. Armour & Co., 4 Cir., 1950, 185 F.2d 541, and Kelly v. Pennsylvania Railroad Co., 3 Cir., 1955, 228 F.2d 727. Those cases are not in point. In each one of those cases a motion attacking the judgment was made within the ten-day period. In none of those cases was a motion for an extension of time involved. In each of those cases the motion was such that the Court had before it a proceeding which it could consider as a motion for a new trial or for a judgment notwithstanding the verdict. Here, the record affirmatively shows that no such motion was made, either orally or in writing. This record affirmatively shows that the Court attempted to grant the plaintiffs an extension of time in which *to make such motions*. The mere mention of the extension of time in which to make the motion excludes any thought of a proper motion being made within the ten-day period.

Other cases cited by plaintiffs have no bearing on the subject. The expanse of the plaintiffs' motion cannot be measured by its unexpressed intention or wants. It must be treated as nothing but what it actually was; viz. a motion for an extension of time. Johnson v. New York, etc., supra. If the motion in the present case was treated as either a motion for a new trial or for a judgment notwithstanding the verdict, the prohibitions in Rule 6(b) would be rendered nugatory. John E. Smith's Sons Co. v. Lattimer Foundry & Machinery Co., supra.

2. There is no claim that the original judgment entered on the verdict was entered through mistake, inadvertence, surprise or excusable neglect. The only other judgment or order involved is the order of June 17 attempting to enlarge the time in which the plaintiffs might file their motion. If the Court did not have jurisdiction to enter the order in the first instance, it is clear that Rule 60 does not provide such authority. On any reasonable construction Rule 60 seems to be premised on the entry of a judgment, order or other proceeding in which the Court has jurisdiction.

■ Plaintiffs suggest that defendant has placed itself in an untenable position by consenting to the entry of the extension order. It is even suggested that the attorney for defendant was well aware of the prohibition of the rules involved. To answer this implication the attorney for defendant has filed an affidavit which would absolve him of any such conduct. In any event, the attorneys, by their consent, acquiescence or express agreement, could not waive the mandatory provisions of the rules involved. Orange Theatre Corporation v. Rayherstz Amusement Corporation, 3 Cir., 1942, 130 F.2d 185; Slater v. Peyser, 1952, 91 U.S.App.D.C. 314, 200 F.2d

360; Moore's Federal Practice, 2d Ed., Vol. 6, p. 3847, n. 28.

The cases cited by plaintiffs where relief was granted under Rule 60 all have factual backgrounds clearly distinguishable from this case. All of those cases are concerned with final judgments and orders. Assuming, *arguendo*, that the order attempting to grant the extension of time could be viewed as a "final judgment, order or proceeding," the only action this rule would warrant would be to "relieve" the plaintiffs from the effect of such order. If the Court would set the extension order aside, the plaintiffs would be squarely within the prohibitions of the said rules and would have no basis, legal or otherwise, on which to ask that the original judgment be set aside.

The "final judgment, order, or proceeding" which may be the subject for relief under the provisions of Rule 60 means a judicial determination which has finality, not a post-trial order attempting to extend time. The word "proceeding" following "final judgment, order" must be confined to judicial determinations similar to the class of words specifically described and the general word may not be used to enlarge the class which is specifically described. The rule of ejusdem generis should be applied. Cleveland v. United States, 329 U.S. 14, 18, 67 S.Ct. 13, 91 L.Ed. 12; Fourco Glass Co. v. Transmirra Products Corporation, 353 U.S. 222, 77 S.Ct. 787, 1 L.Ed.2d 786; Gooch v. United States, 297 U.S. 124, 56 S.Ct. 395, 80 L.Ed. 522.

It is with a great deal of reluctance that I arrive at the conclusion that defendant's motion to strike must be allowed. There is considerable merit in plaintiffs' motion for a new trial and if the Court had jurisdiction, I would set aside the verdict and the judgment entered thereon, and allow the plaintiffs a new trial on the ground that the verdict was against the overwhelming weight of the evidence and that it would be necessary to set aside the judgment in order to prevent a miscarriage of justice. Altrichter v. Shell Oil Co., 8 Cir., 1959, 263 F.2d 377.

Defendant's motion to strike the motion of plaintiffs for judgment notwithstanding the verdict or, in the alternative, for a new trial, be and the same is hereby allowed and such motion is hereby stricken.

It is so ordered.