**Minnie Jessee ERWIN, Executrix of the Estate of Willis Erwin, Deceased, Plaintiff-Appellant,**

v.

**Leander E. KECK, Defendant-Appellee.**

**No. 16168.**

United States Court of Appeals
Sixth Circuit.

Oct. 16, 1965.

C. B. Creech, Ashland, Ky., for appellant.

David O. Welch, Ashland, Ky., Dysard, Johnson & Welch, G. B. Johnson, Jr., Ashland, Ky., on brief, for appellee.

Before O'SULLIVAN and PHILLIPS, Circuit Judges, and CECIL, Senior Circuit Judge.

CECIL, Senior Circuit Judge.

This is a wrongful death action brought under the statutory law of the state of Kentucky and tried to a jury in the United States District Court for the Eastern District of Kentucky, at Catlettsburg. Judgment was entered for the defendant-appellee on a special verdict of the jury and the plaintiff-appellant appealed. The parties will be referred to as plaintiff and defendant.

The accident, which resulted in the death of Willis Erwin, hereinafter called the deceased, occurred at about 8 o'clock p. m. on March 13, 1963, on U. S. Highway 60. The deceased lived about three miles west of Olive Hill, Kentucky, on highway 60, near the community of Globe. His house was on the north side

of the highway or on the righthand side of the highway as one traveled west. There was a barn on the opposite side of the highway from the house which the deceased used for a garage. At the time of the accident, the deceased had just put his car in the barn and was crossing the highway from the south side to return to his house on the north side of the highway.

The defendant, Leander E. Keck, was driving a Ford station wagon in a westerly direction toward Morehead, Kentucky. His wife and five year old son were passengers in his car. As the defendant approached the Erwin residence, an automobile being driven by one Jimmy Wayne Fultz was approaching him from the opposite direction. Both drivers dimmed their lights. The defendant first saw the deceased in the light of the headlights of Fultz's car at about two hundred feet in front of him. The deceased was then at about the center strip of the highway and he continued to walk across the path of the defendant's car, toward his house. The defendant immediately attempted to stop and turned his car to the right in an effort to avoid hitting the deceased. The impact occurred at about the edge of the pavement. The defendant's car was almost entirely to the right of the pavement. Only the left wheels were on the pavement. The deceased was thrown over the hood of the car. He struck the windshield, making a hole in it, and was dropped by the right rear side of the defendant's car.

When Mr. Fultz saw the deceased in the highway, he slowed up and came to a stop off of the pavement, on his righthand side of the highway. Mr. Fultz witnessed the accident and was in the best position to see how it happened. Mr. Fultz and the defendant both gave substantially the same version of the accident. Both men described the deceased as walking in a rather bent or stooped position, looking neither to his right nor to his left.

In addition to the statement of questions required, by our Rule 16(2) (a), to be on the first page of appellant's brief, counsel for the appellant has claimed additional errors in his statement of facts. While such practice should be avoided, we will endeavor to pass on all of the claimed errors in our discussion of the case.

The trial judge submitted the case to the jury for a special verdict, under Rule 49(a) of the Federal Rules of Civil Procedure. This rule provides, in part:

"In that event (request for special verdict) the court may submit to the jury written questions susceptible of categorical or other brief answer or may submit written forms of the several special findings which might properly be made under the pleadings and evidence; or it may use such other method of submitting the issues and requiring the written findings thereon as it deems most appropriate."

For the purpose of a special verdict, the trial judge submitted interrogatories to the jury which called for conclusions on questions of mixed law and fact.

██ Counsel for the plaintiff now claims that the court erred in failing to instruct the jury on the subject of assured clear distance ahead and on the statutory requirements of the defendant's headlights. The only objection that counsel for the plaintiff made to the court's instructions was to the omission to instruct the jury on the headlight requirements of the Kentucky Revised Statutes. No error may be assigned for the failure to give an instruction, unless objection is made before the jury retires to consider its verdict. Rule 51 F.R.C.P.

These same objections for failure to instruct the jury were made by motion of counsel, after the verdict and before judgment. Under Rule 49(a) [1] F.R.C.P.,

1. "If in so doing the court omits any issue of fact raised by the pleadings or by the evidence, each party waives his right to a trial by jury of the issue so omitted unless before the jury retires he demands its submission to the jury. As to an issue omitted without such demand the

counsel requested the trial judge to make findings on:

"(1) Whether or not the defendant had his automobile equipped with headlights of sufficient power to clearly distinguish substantial objects for a distance of at least 350 feet ahead. (2) Whether or not the defendant was maintaining a speed which prevented him from stopping within the distance in which he could plainly see persons ahead."

The trial judge properly declined to make such findings. There was no evidence that the defendant's car was not equipped with headlights as required by the statutes of Kentucky and thus no issue on this question. On the matter of stopping within the distance that one can plainly see an obstruction or danger ahead, the Court of Appeals of Kentucky said, in Owen Motor Freight Lines et al. v. Russell's Admin., 260 Ky. 795, 86 S.W. 2d 708, 709, 711:

"And 'it is the duty of the driver of an automobile to maintain a speed sufficiently slow and to have such control of his car, that he can stop within the distance in which he can plainly see an obstruction or danger ahead.' *But these rules do not apply where a dangerous situation in which the driver of the automobile had no reason to expect another suddenly appearing immediately in front.* 'A person driving on a public highway * * * has a right to presume and to act upon the presumption that the way is safe for ordinary travel, even at night, and he is not required to be on the lookout for extraordinary dangers or obstructions to which his attention has not been called.' Jacobs v. Jacobs, 141 La. 272, 74 So. 992, 993, L.R.A. 1917F, 253." (Emphasis added.)

We are of the opinion that the exception to the above rule is applicable under the facts of this case where the decedent was walking across the highway in the manner described by the witnesses.

Counsel for the plaintiff submitted instructions and interrogatories to the court which he claims the court erroneously declined to give. The instructions given by the trial judge as to the duties of the defendant and the decedent were almost word for word like the ones submitted by counsel for the plaintiff, except on the issues of headlights and maintaining a speed which would enable the defendant to stop within the distance in which he could plainly see persons and vehicles ahead. As we have already said, the trial judge committed no error in refusing to give these instructions. The interrogatories submitted by counsel for plaintiff called for purely factual findings. The trial judge would have been required to consider these findings and from them determine the questions of negligence. Negligence being a relative term, the trial judge was justified in submitting the questions of negligence to the jury. We find no error in the form of the interrogatories submitted by the court. "When the trial court utilizes the device of a special verdict, * * * has wide discretion as to the form and contents of the questions, * * *" Mickey v. Tremco Manufacturing Company, C.A.7, 226 F.2d 956, 957; Tillman v. Great American Indemnity Co. of New York, C.A.7, 207 F.2d 586, 593.

Counsel for both parties moved for directed verdicts on behalf of the respective parties and one of the stated questions of counsel for the plaintiff is based on an assumption of negligence of the defendant as a matter of law. The facts of this case presented a jury question and the trial judge was right in not deciding it on questions of negligence or want of negligence as a matter of law. This Court cannot say that the finding of the jury was against the weight of the evidence.

The principal question on this appeal related to the law of last clear

court may make a finding; or, if it fails to do so, it shall be deemed to have made

a finding in accord with the judgment on the special verdict."

chance. Counsel for the plaintiff claims that the doctrine of last clear chance was applicable and that it was not adequately defined in the instructions to the jury. We are of the opinion that under the facts of this case the doctrine of last clear chance was applicable. Riley v. Hornbuckle, Ky., 366 S.W.2d 304, 307.

■ The trial judge in his instructions defined the terms of negligence, contributory negligence and proximate cause and stated the issues to be determined by the jury. He defined the issues in terms of the contentions of the parties. In this manner he defined last clear chance, as follows:

"The plaintiff makes the further contention that, regardless of the negligence of the decedent, if any, the plaintiff could have avoided striking and injuring said decedent had he exercised ordinary care after he saw the decedent, or by the exercise of ordinary care could have seen said decedent in a position of peril upon the highway."

After stating the contentions of the parties, the trial judge said: "These, then, are the issues for the jury to decide." We think the trial judge adequately presented the issues of the case, including last clear chance. He might have stated the case more clearly to the jury if he had defined the term "last clear chance" and if he had stated the issues from his own analysis of the pleadings and the evidence. We note that the trial judge did not instruct the jury on burden of proof. This was prejudicial to the defendant rather than to the plaintiff.

The issues of negligence thus given to the jury were: 1. Did the defendant so carelessly and negligently operate his automobile that it struck the decedent, Willis Erwin, thereby causing injuries from which he immediately died? 2. Regardless of any negligence of the decedent, could the defendant have avoided striking and injuring the decedent had he exercised ordinary care after he saw him, or by the exercise of ordinary care should have seen him in his position

of peril upon the highway? 3. Was any negligence of the defendant the proximate cause of the decedent's death? 4. Was the decedent's death caused solely by his own negligence? 5. Was the decedent's death caused by the combined negligence of the defendant and the decedent?

Interrogatories were submitted to the jury whereby it could record its findings on these issues. Interrogatory No. 1 reads as follows:

"Do you believe and find from the evidence herein that the defendant, Leander E. Keck, was negligent in the operation of his automobile at the time and place referred to in the pleadings and proof herein?"

The jury answered this interrogatory "No." Under the instructions, the jury was to answer no further interrogatories, if its answer to No. 1 was in the negative. Judgment was thereupon entered in favor of the defendant.

There were two issues so far as the negligence of the defendant was concerned. One was whether he was negligent in the operation of his automobile just before the accident and at the time of the accident, in such manner as to have caused the accident. The other was whether at the time he saw or in the exercise of ordinary care he should have seen the decedent in his perilous position he failed to exercise ordinary care to avoid hitting him. The answer of the jury to interrogatory No. 1 decided both of these issues in favor of the defendant to the effect that the defendant was not negligent on either count.

■ Stripped of all legal terminology, the jury had simple factual questions before it. Was the defendant in the proper control of his car as he approached the scene of the accident and, regardless of any negligence of the deceased, was he at fault in striking the deceased? Its answer that the defendant was not negligent on either count was well supported by the evidence.

The judgment of the District Court is affirmed.