LOUISIANA & ARKANSAS RAILWAY COMPANY, Appellant,

v.

H. B. HUGHES and Charles E. Hatcher, Appellees.

No. 23247.

United States Court of Appeals Fifth Circuit.

March 3, 1967.

Rehearing Denied March 21, 1967.

William L. Peek, Jr., Wheeler, Hubbard, Patton & Peek, Texarkana, Tex., for appellant.

Jim Ammerman, Franklin Jones, Jr., Jones, Jones & Baldwin, Marshall, Tex., Jordan Lee Wilcox, Freeport, Tex., for appellees.

Before TUTTLE, Chief Judge, and AINSWORTH and DYER, Circuit Judges.

DYER, Circuit Judge.

On May 9, 1964, Louisiana & Arkansas Railway Company's No. 53 freight train, consisting of five diesel units and one hundred and twenty freight cars, in all being approximately 6300 feet in length, travelling from Greenville, Texas, to Shreveport, Louisiana, on a single set of tracks, met appellant's train No. 54, travelling from Shreveport to Greenville, at Veals Switch near Hughes Springs, Texas. In order to permit No. 54 to pass, No. 53, by prior arrangement, went up the Texas & Northern Railway main line, which connects with appellant's line at Veals Switch, until sixty freight cars passed beyond a county road known as the old Daingerfield-Hughes Highway, stopping when the caboose cleared the Louisiana & Arkansas main line. No. 54 then continued on to Greenville.

Ten minutes later, when the engineer on No. 53 received word that No. 54 had passed Veals Switch, No. 53 began backing up onto the L & A main line at three to four miles per hour. Five or six minutes later, after 33 railroad cars had gone across the Daingerfield-Hughes crossing in the continuous reverse movement, an automobile in which Charles E. Hatcher and decedent George E. Hughes were passengers, travelling on the Daingerfield-Hughes Springs Road, crashed into the side of the twenty-sixth freight car from the diesel units, injuring Hatcher and killing Hughes and the driver of the automobile.

Suit was brought by H. B. Hughes, as surviving father of George E. Hughes, and by Charles E. Hatcher against the Louisiana & Arkansas Railway Company. The jury returned a general verdict for the plaintiffs. A judgment was entered from which this appeal was taken by the defendant.

The district court charged the jury in part as follows:

"You are instructed that the penal law of Texas, Article 787, forbids a railroad corporation from wilfully obstructing a railway crossing over a public highway for more than five minutes at any one time by permitting a train to stand on or across such crossing, and if you find that the defendant did so wilfully obstruct the crossing in the manner outline (sic), you are instructed that this would amount to negligence, and if you further find from the preponderance of the evidence that such negligence was the proximate cause of the accident in question then you would find for the plaintiffs unless you should find for the defendant under some further instruction that the court will give you."

The defendant made a timely objection to this charge, which was overruled. In the evidentiary posture of the case the charge was erroneous, and we reverse.

The plaintiffs contend that the obstruction of the crossing by the standing train for ten minutes in violation of law, was negligence per se and was a proximate cause of the appellees' injuries. The law of Texas is well settled that a violation of this statute is negligence per se. Missouri-Kansas-Texas R. Co. of Texas v. McLain, (Civ.App., 1934) 74 S.W.2d 166, rev'd (Com.App.), 105 S.W.2d 206, set aside 133 Tex. 484, 126 S.W.2d 474, aff'd 133 Tex. 484, 126 S.W. 2d 474. However, the statute has no applicability to the facts of this case; for

it is uncontradicted that the train was *moving,* and had been moving for over five minutes, when the accident occurred, and the plain wording of the statute makes it applicable only to *standing* trains.[1]

Because the train was not violating the statute when the accident occurred, the instruction permitting the jury to base a finding of negligence on a violation of this statute was error.[2] Jackson v. Southern Railway Company, 5 Cir. 1963, 317 F.2d 532; cf. Errin v. Kirk, 6 Cir. 1965, 351 F.2d 403, Graham v. Edwards, 1907, Tex.Civ.App., 99 S.W. 436.

Because a general verdict was returned, it is impossible to ascertain which of the numerous acts or omissions of negligence alleged by plaintiffs the jury may have found to have been proved; but because the jury may have predicated its finding of negligence on the violation of Article 787 its verdict cannot stand.

Reversed and remanded.

---

1. "Any officer, agent, servant or receiver of any railway corporation who wilfully obstructs for more than five minutes at any one time any street, railway crossing or public highway by permitting their train to stand on or across such crossing, shall be fined not less than five nor more than one hundred dollars." Vernon's Ann.Tex. P.C. art. 787.

2. The appellees rely on Missouri-Kansas-Texas R. Co. of Texas v. McLain, supra;

Biggers v. Continental Bus System, 157 Tex. 351, 303 S.W.2d 359; Sullivan v. Flores, 134 Tex. 55, 132 S.W.2d 110 and Byrnes v. Stephens, Tex.Civ.App., 349 S.W.2d 611. These cases are of no help, for they point out only that where negligence exists the Texas courts are liberal in determining what is a foreseeable consequence of that negligence.