Allan GRADSKY, Plaintiff-Appellant,

v.

SPERRY RAND CORPORATION,
Defendant-Appellee.

No. 73-1283.

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 4, 1973.

Decided Dec. 18, 1973.

Armistead W. Gilliam, Jr., Dayton, Ohio, for appellant; Michael R. Merz, Smith & Schnacke, Dayton, Ohio, on brief.

Murray S. Monroe, Cincinnati, Ohio, for appellee; G. David Schiering, G. Jack Donson, Cincinnati, Ohio, on brief; Taft, Stettinius & Hollister, Cincinnati, Ohio, of counsel.

Before PECK, MILLER and LIVELY, Circuit Judges.

PER CURIAM.

This is an appeal from a jury verdict in favor of the defendant in a civil antitrust suit. The plaintiff-appellant, Allan Gradsky, brought the action against the defendant-appellee, Sperry Rand Corporation, pursuant to 15 U.S.C. § 15 (Clayton Act section 4) to recover damages to his business caused by alleged violations of 15 U.S.C. §§ 1 and 2 (Sherman Act sections 1 and 2).

The appellee manufactures and markets data processing equipment. One of its lines of equipment used data entry cards containing 90-columns for information storage. The appellee developed most of this 90-column equipment in the 1930's and the industry thereafter standardized 80-column equipment. The appellant used Sperry Rand 90-column equipment in his accounting practice. In June, 1966, the appellee announced that it would not develop new 90-column equipment, but that service would be offered until July, 1971, to all 90-column customers, including those who converted to competitive equipment or who otherwise were not buying or renting equipment from Sperry Rand. After an extension until July, 1972, the appellee ceased maintaining 90-column equip-

ment. Since the appellee is the only source of service for the 90-column equipment, the appellant is unable to continue using it. He contends that he is unable to afford converting to 80-column equipment and he thus no longer provides data processing service to his clients. The appellant charges the appellee with breach of contract, with illegal combinations and tying arrangements, and attempting to or actually monopolizing trade.

All of the issues raised on appeal are based on exceptions to the court's instructions to the jury. Before considering these exceptions, we must first determine if the appellant preserved the record for appeal by complying with Rule 51 of the Federal Rules of Civil Procedure.[1]

Since the case involves complex issues of law, the trial judge requested an early submission of proposed instructions. The appellant submitted 50 proposed instructions; Sperry Rand submitted 112. Appellant filed 96 written objections to Sperry Rand's proposed instructions. Sperry Rand, in turn, submitted 45 objections. The trial briefs totaled 206 pages. After an exhaustive review, including three informal conferences in chambers where the proposed charges were reviewed and discussed, the trial court charged the jury. The appellant did not formally object to the court's charge, but now urges that his detailed requests for jury instructions and his written objections to the defendant's re-

quested jury instructions are sufficient to preserve his objections under Rule 51.

■■■ Rule 51, construed in light of Rule 46's discouragement of formality in procedures,[2] does not require formal objections, but the Rule is satisfied only if it is clear that the judge was made aware of the possible error in or omission from the instructions. *E. g.* Sears v. Southern Pacific Co., 313 F.2d 498 (9th Cir. 1963). The purpose of the Rule is to inform the court of possible errors in the charge "to afford [the] trial judge opportunity to correct error in his charge before the case is finally submitted to the jury." Moore v. Stephens, 271 F.2d 119, 120 (6th Cir. 1959). The court, insofar as the instructions were covered by the appellant's proposals and objections to the appellee's proposals, was aware of the appellant's objections to the charge as given. To that extent, the requirements of Rule 51 have been met. However, assignments of error on points not included in the appellant's proposed instructions nor covered in his objections to the appellee's proposals are not properly preserved for appeal.[3]

■ In reviewing exceptions to a trial court's charge to the jury, this Court must consider whether the instructions, taken as a whole, fairly and adequately submit the issues in the case to the jury. Waxler v. Waxler Towing Co., 342 F.2d 746 (6th Cir. 1965). As this Court stated in Tyree v. New York Central R. R., 382 F.2d 524, 527 (6th Cir.), cert. den.

1. **Rule 51. Instructions to Jury: Objection.**
At the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the requests. The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury, but the court shall instruct the jury after the arguments are completed. No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury.

2. **Rule 46. Exceptions Unnecessary**
Formal exceptions to rulings or orders of the court are unnecessary; but for all purposes for which an exception has heretofore been necessary it is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take or his objection to the action of the court and his grounds therefor; and, if a party has no opportunity to object to a ruling or order at the time it is made, the absence of an objection does not thereafter prejudice him.

3. The appellant assigns eleven basic points of error. Two of the assigned errors are in the above mentioned category, thus not preserved for appeal under Rule 51.

389 U.S. 1014, 88 S.Ct. 589, 19 L.Ed.2d 659 (1967):

"In 53 Am.Jur.—Trial—Section 842, the general rule is well stated: 'In considering the correctness and adequacy of a charge to the jury, it should be taken as a whole and read in its entirety; that is, each instruction must be considered in connection with others of the series referring to the same subject and connected therewith, and if, when taken together, they properly express the law as applicable to the particular case, there is no just ground of complaint, even though an isolated and detached clause is in itself inaccurate, ambiguous, incomplete, or otherwise subject to criticism.' "

*See also* Nolan v. Greene, 383 F.2d 814 (6th Cir. 1967).

In the present case the trial court's charge consumed nearly two hours and covered seventy written pages. The appellant seeks reversal by challenging certain instructions included in the charge and by alleging error in the court's failure to give certain proposed instructions. A review of the court's charge reveals that the court specified in great detail the elements of the appellant's case as to monopoly, misuse of monopoly power, tie-in agreements and combination. The instructions to which the appellant objected, taken in context with reference to preceding and subsequent instructions, are fair and correct. Concerning the proposed instructions which the court failed to include in the charge, we note that the trial judge is not "required to incorporate every proposition of law suggested in counsel's requests provided he covers the specific principles necessary for the jury's guidance." Puggioni v. Luckenback S.S. Co., Inc., 286 F.2d 340, 344 (2d Cir. 1961). In our considered opinion, the charge, read as a whole, fairly instructed the jury as to the applicable law and covered the specific principles necessary for the jury's guidance.

Therefore, the judgment of the district court is hereby affirmed.