### SMITH v. UNITED STATES.

(Court of Appeals of District of Columbia.   Submitted December 6, 1920.
Decided January 3, 1921.)

No. 3286.

Criminal law ☞829 (6)—Requested charge on intoxication as affecting intent held covered by instructions given.

In a prosecution for homicide, a charge given by the court of its own motion that voluntary intoxication was generally not a justification for crime, but that if defendant was so intoxicated he could not entertain the specific intent, he would not be guilty of murder in the second degree,

sufficiently and correctly covered the instructions requested by accused on the issue of intoxication as affecting intent, so that it was not error for the court to refuse to give the instructions requested in the language of . accused.

Appeal from the Supreme Court of the District of Columbia.

Isaiah Smith was convicted of murder in the second degree, and he appeals. Affirmed.

Hannis Taylor, Jr., of Washington, D. C., for appellant.

J. E. Laskey, Morgan H. Beach, and J. P. Schick, all of Washington, D. C., for the United States.

SMYTH, Chief Justice. Smith was convicted of murder in the second degree and sentenced to imprisonment in the penitentiary. There is testimony that at the time of the homicide he was intoxicated, and it is contended that his condition was such that he was incapable of forming an intent, was utterly unconscious of what he was doing, and therefore not guilty of any crime.

There are two assignments of error, both relating to the failure of the court to grant certain instructions requested by the defendant. He asked that the jury be told that drunkenness "tends to excuse" a crime, "by negativing the mental capacity necessary for the specific intention known in the law as malice, which is necessary for the commission of the crime of murder in any of its degrees"; that motive was one of the facts for the jury to consider along with the other facts as bearing on the mental condition of the defendant, in order to determine whether the act was due to his mental condition "as affected by intoxication or otherwise"; that "intoxication may reduce or wipe out guilt, depending on its degree"; and "that what would constitute murder in the first or second degree may be reduced to manslaughter by partial intoxication"; also "that the defendant might be completely excused by intoxication which entirely destroys for the time being the reason and the will." Thus it appears that all the requests dealt with the effect of the defendant's intoxication upon his mental condition and his ability to form an intent at the time of the homicide.

The court, on its own motion, after stating the contentions of defendant's counsel as outlined in his requests, said to the jury that voluntary intoxication, speaking generally, was "no excuse or justification for crime," and that it is only to be considered "when the evidence in the case tends to show that the condition of the man's mind produced by the intoxication was of such a character as rendered him quite incapable of forming such an intent as is requisite where the charge of murder in the second degree is made"; that if the defendant was so intoxicated that he could not entertain the specific purpose required by the statute where murder in the second degree is charged, he would not be guilty of that offense and should be acquitted of it, but, notwithstanding this, if he was moved to sudden passion and anger, and in that state struck down his victim, he would be guilty of manslaughter. However, if his intoxication was such "that he could entertain no rational idea at all," "could not have had an intent to kill," and did not strike the blow in sudden passion and anger, he should be acquitted.

Counsel for the appellant does not challenge any of these instructions, and we do not see how he could have well done so, in view of the settled condition of the law upon the subject.

A comparison of the court's instructions with the requests of the defendant will reveal that the former embrace the substance of the latter. Where that is so, no error follows from a failure to give the requests. The circumstance that the court expressed the same principles in his own language, rather than in the language of the defendant's counsel, is immaterial. Pickford v. Talbott, 28 App. D. C. 498, 510; Travers v. United States, 6 App. D. C. 450, 462; Finney v. District of Columbia, 47 App. D. C. 48, 52, L. R. A. 1918D, 1103.

The case was well defended, and every right of the accused was carefully guarded by the court. In consequence we must affirm the judgment, with costs; and it is so ordered.

Affirmed.