## REDMAN v. SMITH.

(Court of Appeals of District of Columbia. Submitted November 9, 1921.
Decided December 5, 1921.)

No. 3497.

1. Trial ⬅260(1)—Correct request, already covered, need not be given.

Requests to instruct on a subject fully and correctly covered by the general charge need not be given, even though they were correct in law and applicable to the case.

2. Trial ⬅260(9)—Requested charge to find for defendant, if he indorsed notes for plaintiff's accommodation, held covered.

A requested instruction that, if defendant indorsed the notes for the accommodation of plaintiff, he would not be liable, though the indorsement was also for the benefit of the makers, was covered by the charge to find for defendant, if he indorsed the notes for the accommodation of plaintiff, but otherwise for the plaintiff, and that it was not sufficient that defendant was an accommodation indorser only, but the question was whether he indorsed for the accommodation of the plaintiff.

3. Bills and notes ⬅538(1)—Request denying recovery, if indorsement was to further deal, held improper.

A requested instruction, that defendant was not liable if he indorsed the note sued on to further the consummation of the contract between plaintiff and a lumber company, was erroneous, and properly refused, where there was no question but that he indorsed for that purpose, but there was evidence that his indorsement was for the accommodation only of the lumber company, and that plaintiff had no knowledge of the conditions on which defendant's indorsement had been procured by the makers.

Appeal from the Supreme Court of the District of Columbia.

Action by A. C. Smith, against Samuel C. Redman, revived in the name of Edwin J. Smith after the death of the original plaintiff. Judgment for plaintiff, and defendant appeals. Affirmed.

Henry E. Davis, of Washington, D. C., for appellant.
Vernon E. West, of Washington, D. C., for appellee.

SMYTH, Chief Justice. W. T. Redman & Co. made and delivered to A. C. Smith several promissory notes, which were indorsed before delivery by Samuel C. Redman, under the name of S. C. Redman. The notes, having been duly presented for payment, were dishonored. Due notice thereof was given to Samuel C. Redman, who failed to pay them. Thereupon this action was brought. A. C. Smith died after the institution of the action, and it was revived in the name of Edwin J. Smith. From a judgment in favor of the plaintiff, Samuel C. Redman brings the case here for review.

He asserts that he signed the notes for the accommodation, not only of W. T. Redman & Co., but also for that of Smith, the payee. It is admitted that he was an accommodation indorser for the benefit of the former, but it is denied that he was for the latter. Three errors are assigned, all of which relate to the refusal of the court to give certain instructions bearing upon the question as to whether or not Samuel C. Redman signed for the accommodation of Smith.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[1] Appellee says the subject was fully and correctly covered by the instruction given by the court in its general charge. If this be true, there was no error in refusing the requests (Finney v. District of Columbia, 47 App. D. C. 48, L. R. A. 1918D, 1103; Sinclair v. United States, 49 App. D. C. 351, 265 Fed. 991; Smith v. United States, 50 App. D. C. 208, 269 Fed. 860), even if we assume they were correct in point of law and applicable to the case.

Smith was the owner of a tract of timber land and a sawmill located thereon, which he sold to the McQuay Lumber Company, a corporation, upon an agreement whereby the latter was to pay him a stated sum, $1,000 in cash, and the balance in monthly installments of $1,000. Upon the completion of the payments, Smith was to give the company a warranty deed to the property. The cash payment was not made, but in place thereof Smith accepted the note of the company for the amount. The company, in time finding itself unable to carry out its agreement, entered into an arrangement with McQuay, its president, and one William T. Redman, a relative of the defendant, under the name of W. T. Redman & Co., whereby they were to help the lumber company. Later W. T. Redman & Co. attempted to raise money from certain parties upon notes signed by them, payable to McQuay, and indorsed by Samuel C. Redman. In this they were unsuccessful. They then applied to Smith to take the notes, but he declined, saying, however, that, if McQuay would have the notes made payable to his (Smith's) order, he would discount them at his bank, take up the lumber company's note for $1,000 to himself, and turn over the remainder to W. T. Redman & Co. This was done, the notes first having been indorsed by the defendant.

Defendant testified in effect that he knew, from conversations with Redman and McQuay, the purposes for which they needed the notes, but says that he had no conversation with the plaintiff before he indorsed the notes; nor is there any testimony that the plaintiff either directly or indirectly requested the defendant to indorse them. Defendant says that he indorsed the notes with the understanding that he was accommodating Smith, as well as the others. Suppose this to be true; Smith was in no wise responsible for his understanding. No one says that Smith had any intimation that Redman was an accommodation indorser. So far as Smith knew, the defendant was an indorser for value, and Smith dealt with the notes on that theory.

[2] The instruction requested said in effect that, if the defendant indorsed the notes for the accommodation of Smith, he would not be liable, even though the jury should find that he also indorsed for the benefit of the makers of the notes. Nor would he be liable, according to the requests, if the jury found that he had indorsed the notes before delivery for the purpose of aiding in the carrying out of the contract between the plaintiff and the lumber company. These requests were refused.

The court, however, told the jury that, if defendant indorsed the notes for the accommodation of Smith, their verdict should be for the defendant, but that, if he did not, their verdict should be for the plaintiff. Further charging the jury the court said:

"It is not enough for you to decide that Mr. S. C. Redman was an accommodation indorser only. The question is whether he is an accomodation indorser for the benefit of Smith; whether he accommodated Smith, or whether, which is what he said himself at one point of his testimony, he indorsed this paper for the accommodation of his relative and Mr. McQuay."

This statement was repeated in variant forms by the court, so that the jury must have clearly understood that, if the notes were signed for the accommodation of Smith, the verdict should be for the defendant.

[3] The request which asked the court to say to the jury that the defendant had indorsed the notes to the end that the carrying out of the contract between the plaintiff and the lumber company "might be furthered and aided" was improper, and should not have been granted. No one denies that he indorsed for that purpose, but there is not a particle of evidence that he did so at the request of Smith, or that the latter had any knowledge of the conditions upon which his indorsement had been procured by the makers of the notes. Smith's only suggestion in that regard was that, if the makers would change the form of the notes, so that they would be made payable to him, instead of to McQuay, he could handle them. At this time, as we have seen, S. C. Redman's name was on the notes as an indorser. Owing to the infirmity we have just pointed out, the court was not required to yield to the request. Jackson v. United States, 48 App. D. C. 272.

There is no occasion for the consideration of decisions cited by appellant, where under certain facts a party was held to have indorsed for the accommodation of the plaintiff. It is conceded here by appellant that there was evidence sufficient to support a verdict against him, if the jury so found. He did not ask for an instructed verdict, but that the matter go to the jury for its determination; his theory being that there was evidence tending to show that he accommodated Smith. That theory, we have shown, was fully and fairly submitted to the jury, and was found to be unwarranted by the testimony. He has, therefore, no cause for complaint.

The judgment is affirmed, with costs.

Affirmed.