## UTAH POWER & LIGHT CO. v. WOODY.
### No. 713.

Circuit Court of Appeals, Tenth Circuit.
Nov. 18, 1932.

Robert L. Judd, of Salt Lake City, Utah (Emmett M. Bagley and Paul H. Ray, both of Salt Lake City, Utah, on the brief), for appellant.

Willard Hanson, of Salt Lake City, Utah (K. C. Tanner, of Salt Lake City, Utah, on the brief), for appellee.

Before LEWIS and McDERMOTT, Circuit Judges, and POLLOCK, District Judge.

POLLOCK, District Judge.

This is a second appeal in this case. On the first, the order of the trial court sustaining a motion for an instructed verdict for defendant therein, Utah Power & Light Company, was reversed. (C. C. A.) 54 F.(2d) 220. At the second trial the court submitted the case to the jury and a verdict for $12,000 was returned for plaintiff as damages for personal injuries received in an automobile wreck. We are now asked to declare the law differently from what it was held to be on the former appeal. This we cannot do. Matters decided on the former appeal are the law of the case. Hence, all questions then ruled must be now regarded as concluded. Therefore, that the driver of the automobile which collided with that of plaintiff was the agent and representative of defendant Power & Light Company is concluded on this appeal. Also, that under the facts of the case plaintiff Woody was not guilty of contributory negligence is also settled and concluded. Only those matters arising on the second trial not concluded by the law of the case as declared on the former appeal may be now relied upon to reverse the judgment appealed from. Brown v. Lanyon Zinc Co. (C. C. A.) 179 F. 309, 310; Browne v. Thorn (C. C. A.) 272 F. 950, 951, and cases cited therein. This case does not fall within the exception referred to in Pennsylvania Mining Co. v. Unit-

ed Mine Workers of America (C. C. A.) 28 F.(2d) 851.

This narrows the twenty-two assignments of error down to those based on the charge of the court to the jury and the refusal of the court to charge as requested by defendant. A reading and consideration of the charge of the court to the jury discloses the charge was quite full, direct, and exact. While the record does disclose defendant took exceptions to certain parts of the charge, the record of the trial does not state what action, if any, the court took on such exceptions being taken. But in any event, we can discover no error in the charge of the court to the prejudice of the defendant.

■ Again, while certain of the requests to charge may be correct statements of the law, we find the charge as given correct and to cover all matters material to the just protection of the rights of defendant. This is sufficient.

The judgment must be affirmed.