## COHEN v. EVENING STAR NEWS-PAPER CO.

### No. 7406.

United States Court of Appeals for the District of Columbia.

Decided June 17, 1940.

Morris Simon, Lawrence Koenigsberger, Eugene Young, and Leroy S. Bendheim, all of Washington, D. C., for appellant.

Edmund L. Jones and George Monk, both of Washington, D. C., for appellee.

Before STEPHENS, MILLER, and VINSON, Associate Justices.

MILLER, Associate Justice.

On May 28, 1936, appellant's twelve year old son was injured by a truck owned and operated by appellee. The accident occurred immediately after the child had alighted from a bus and while he was attempting to cross the street at or near the intersection of Seventh and Girard Streets, Northeast, in the City of Washington. Appellant, as next friend of the child, brought this action in the court below to recover damages for the injuries sustained. Following a trial, the jury found a verdict in appellee's favor; and this appeal is from the judgment based thereon. All the points which are relied upon by appellant on this appeal challenge the refusal of the trial court to give five prayers for instructions offered by appellant. In our view the court committed no error in refusing these prayers.

A party has no vested interest in any particular form of instruction.[1] This is true, even though the proffered prayer may be unobjectionable in itself, standing alone, as a statement of law.[2] What the language of the instructions shall be is for the trial judge to determine.[3] If, on exam-

---

[1] Ayers v. Watson, 137 U.S. 584, 601, 11 S.Ct. 201, 34 L.Ed. 803. See Gassenheimer v. United States, 26 App.D.C. 432, 446; Shettel v. United States, — App. D.C. —, 113 F.2d 34, decided June 10, 1940.

[2] Redman v. Smith, 51 App.D.C. 131, 277 F. 533; Utah Power & Light Co. v. Woody, 10 Cir., 62 F.2d 613.

[3] Ayers v. Watson, 137 U.S. 584, 601, 11 S.Ct. 201, 34 L.Ed. 803; Washington

ination of the entire charge, it appears that the jury has been fairly and adequately instructed, the requirements of the law are satisfied.[4]

■ A careful examination of the whole charge reveals that the instructions given covered all points material to appellant's case which were contained in the instructions requested.[5] It is significant in this respect that appellant offered no objections to the court's charge as it was given to the jury; either on the ground that the whole charge was inadequate, or that particular instructions were incorrect.[6]

Affirmed.

Times Co. v. Murray, 55 App.D.C. 32, 34, 299 F. 903, 906.

[4] McCartney v. Holmquist, 70 App.D.C. 334, 337, 106 F.2d 855, 858, 126 A.L.R. 375; Redman v. Smith, 51 App.D.C. 131, 277 F. 533.

[5] Capital Traction Co. v. Lyon, 57 App. D.C. 396, 401, 402, 24 F.2d 262, 267, 268; Dean v. H. Koppers Co., 49 App. D.C. 230, 263 F. 626; Utah Power & Light Co. v. Woody, 10 Cir., 62 F.2d 613, 614.

[6] Nunan v. Timberlake, 66 App.D.C. 150, 154, 85 F.2d 407, 411. See Rule 51, Fed.Rules of Civ.Proc., 28 U.S.C.A. following section 723c.