**CASEY v. SEAS SHIPPING CO., Inc.**
No. 63, Docket 21429.

United States Court of Appeals,
Second Circuit.

Argued Nov. 9, 1949.

Decided Dec. 12, 1949.

Barns & Cook, New York City, Paul L. Murphy, New York City, argued for defendant-appellant.

Benjamin B. Sterling, New York City, Herman N. Rabson, New York City, argued for plaintiff-appellee.

Before AUGUSTUS N. HAND, CHASE and CLARK, Circuit Judges.

CHASE, Circuit Judge.

The appellee, a fireman employed on the S. S. Algic, was injured while attempting to board the ship when it was moored at an open dock at Durban, South Africa. He sued the appellant, the owner and operator of the vessel, to recover damages pursuant to the provisions of the Jones Act, 46 U.S. C.A. § 688. After one jury had disagreed, he obtained a verdict on a retrial of the action and the vessel owner has appealed from the judgment entered on that verdict.

The grounds relied on for reversal are (1) the refusal to direct a verdict for insufficiency of the evidence; (2) error in the reception and exclusion of certain evidence; and (3) errors in the charge.

Some of the undisputed facts are that the appellee went ashore on leave one afternoon by means of a gangway which before he returned was taken in to permit the vessel to be moved some feet along the dock. When he returned the vessel lay some distance, variously estimated as from five to twenty feet, away from the side of the dock and was held off from it by wooden fenders or camels. The appellee claimed, and introduced evidence from which the jury could have found, and evidently did find, that as he approached the side of the dock, one Basil Bobbie, the Fourth Assistant Engineer and one of appellee's superior officers, called to him from the ship's deck and told him to come aboard and that he needed him for "work down below." The appellee inquired how he could get aboard and Bobbie replied that he would throw him a line. Bobbie then did throw a line to the appellee who caught it when standing on the edge of the dock, took a turn about one hand and swung off on the line to the ship. When making this swing or as he hit the side of the ship, Bobbie let go the line, having slipped on some oil on the deck, and the appellee fell into the water. While falling he hit one of the camels and was severely injured.

This evidence was contradicted by that of the appellant which was to the effect that the appellee came to the edge of the dock while drunk and called to some of the crew that he wanted to go aboard for reasons of his own; that members of the crew tossed a bottle to him and in trying to catch it he lost his balance and fell off the dock and for this reason struck the camel and was hurt. The jury might have found in accordance with this version of what occurred but evidently did not.

These two brief statements of what the conflicting evidence tended to show make it abundantly clear that the motion for a directed verdict was properly denied. Such a conflict in the evidence as to material facts might well lead impartial persons to reach different conclusions. It could not have presented, therefore, merely a question of law and it had to be resolved by the jury. Texas & P. R. Co. v. Harvey, 228 U.S. 319, 33 S.Ct. 518, 57 L. Ed. 852; Gardner v. Michigan Central R. Co., 150 U.S. 349, 361, 14 S.Ct. 140, 37 L. Ed. 1107.

Appellant also claims that, as a matter of law, Bobbie was not acting with-

in the scope of his employment when he told appellee to come on board and threw him a line, and consequently that a verdict should have been directed in its favor. However, taking the view of the evidence most favorable to appellee, as we are required to do, Bobbie was on duty and engaged in the ship's business; he was appellee's superior officer; in telling appellee to come aboard for work down below, he was acting in the furtherance of the ship's interest; and in throwing appellee a line to enable him to come aboard, he was doing a not uncommon thing. This is sufficient. Nelson v. American-West African Line, Inc., 2 Cir., 86 F.2d 730, certiorari denied, 300 U. S. 665, 57 S.Ct. 509, 81 L. Ed. 873; Osipoff v. City of New York, 286 N.Y. 422, 36 N.E.2d 646, 136 A.L.R. 1354; see Restatement, Agency (1933) §§ 228–29.

The point as to the reception of evidence relates to the action of the court in permitting the introduction by appellee during his rebuttal of three depositions which it is admitted would have been properly received had they been offered by him while presenting his evidence in chief. This is a rather technical objection which, in the absence of surprise, of which none appears, deserves little notice. Assuming, without deciding, that the evidence was not admissible in rebuttal as of right, it might of course have been excluded. Marande v. Texas & P. R. Co., 2 Cir., 124 F. 42, 46. But whether to do that or to permit its introduction out of order is a matter of discretion, Friend v. Commissioner of Internal Revenue, 7 Cir., 102 F.2d 153, 155, and no abuse of that has been shown.

Appellant further claims that the court erred in refusing to permit an expert witness to answer the question, put in hypothetical terms, whether appellee's method of boarding the vessel was proper. This, however, was a basic issue in the case, and expert evidence as to it was admissible, if at all, only in the discretion of the court.

The appellant made numerous requests to charge and took numerous exceptions to the failure of the court to comply with requests and to the charge as given. Some of these exceptions are plainly frivolous and none of them require extended discussion. The over-all issues were fairly simple, being whether the appellee had been injured solely because of the negligence of Bobbie while acting for the appellant within the scope of his employment, or solely because of the appellee's negligence, or through the concurrent negligence of both. The judge charged adequately and correctly on these principal issues and also in respect to matters incidental to them. He made it plain that the appellee could recover nothing if his negligence was the sole cause of his injuries, nor, if concurrent negligence were found, any part of the damages attributable to his negligence, and that the appellant would not be liable for any negligence of Bobbie unless Bobbie was acting in furtherance of its business. To be sure, he did so in part by referring to certain relevant parts of the disputed evidence as matters to be taken into consideration but he was careful to leave disputed questions of fact to the jury and to leave decision as to the so-called over-all issues dependent upon how the jury decided as to all the relevant facts to be considered.

It is the effect of the charge as a whole which counts and if, as here, it gave the jury to understand fairly and adequately how to apply the law to the facts as found and thus to arrive at a verdict, no more is required. United States v. River Rouge Co., 269 U.S. 411, 421, 46 S.Ct. 144, 70 L.Ed. 339; Utah Power & Light Co. v. Woody, 10 Cir., 62 F.2d 613; Cohen v. Evening Star Newspaper Co., 72 App.D.C. 258, 113 F.2d 523.

Affirmed.