**A. B. & W. TRANSIT COMPANY, A Body Corporate, Appellant,**

v.

**Elsie HALL, Appellee.**

No. 2838.

Municipal Court of Appeals for the District of Columbia.

Argued Oct. 23, 1961.

Decided Dec. 7, 1961.

William T. Clague, Washington, D. C., with whom Allan C. Swingle and Francis C. O'Brien, Washington, D. C., were on the brief, for appellant.

Harry S. Klavan, Washington, D. C., for appellee.

Before HOOD and QUINN, Associate Judges, and SMITH, Chief Judge of The Municipal Court for the District of Columbia, sitting by designation.

QUINN, Associate Judge.

This is a negligence action for bodily injury allegedly inflicted upon appellee, a passenger on appellant's bus, as she was returning to the District of Columbia from her employment in Arlington, Virginia. According to her testimony, the accident occurred as the bus completed a right turn from Twelfth Street into Pennsylvania Avenue in front of the Old Post Office Building. Appellee testified that as she rose from her seat and grasped an adjacent stanchion for support, the bus made a sudden and unexplained stop that "tossed me right around, of the railing of the bus, on the long seat, and then I fell." A second passenger was also jarred by the stop but she braced herself and managed to hold on. Without immediately realizing that she had been injured by the fall, appellee left the bus. However, as she continued on her way home she felt pain in her stomach.

She later reported to a doctor who, after examination, confined her to the hospital for a short time and prescribed treatment.

The driver of the bus testified that he was unable to recall the incident but denied that it could have happened as appellee claimed because District regulations required him to discharge passengers on Twelfth Street, not on the corner which is designated as a passenger loading zone.

 Accepting appellee's description of the effect of the stop on herself and a fellow passenger, the extent of her injuries, and the statement that the driver proceeded into a loading zone to discharge passengers, there was a proper basis for the conclusion that the stop was of an unusual and extraordinary character. Under the doctrine of *res ipsa loquitur,* here relied upon by appellee, the jury was free to infer that such a stop resulted from the negligent operation of the bus by appellant's employee.

 Appellant assigns as error the failure to give a requested instruction on "jerks and jolts" after the trial court had promised to do so. When counsel inquired about this at the conclusion of the charge to the jury, the court remarked that it had merely substituted a standard instruction on the subject which it believed to be adequate. We concur.

 While the proffered instruction was perhaps slightly more comprehensive, the instruction actually given substantially covered what appellant asked for, although in different language. This was all that appellant was entitled to, as the decided cases have illustrated. See Baltimore & O. R. R. v. Corbin, 73 App.D.C. 124, 118 F.2d 9 (1940); Cohen v. Evening Star Newspaper Co., 72 App.D.C. 258, 113 F.2d 523 (1940); Munsey v. Safeway Stores, D.C.Mun.App., 65 A.2d 598 (1949); Evans v. Capital Transit Co., D.C.Mun.App., 39 A.2d 869 (1944). The instruction given made clear that the "jerks and jolts" normally incident in transit operations do not constitute negligence and that evidence of an unusual,

extraordinary movement is necessary to permit an inference of negligence. Although it did not specify examples of the kind of conduct competent to prove or disprove liability, we believe nevertheless that the jury had a clear and intelligible guide with which to weigh the conflicting testimony and arrive at a decision on the issue of negligence. We find no error

Affirmed.