Lucy Mae NOLAN, Administratrix of the Estate of Russell Nolan, Deceased, Plaintiff-Appellant,

v.

R. W. GREENE, Jr., Sand and Gravel Company, Inc., Defendant-Appellee.

No. 17232.

United States Court of Appeals
Sixth Circuit.

Sept. 13, 1967.

McRAE, District Judge.

Plaintiff, decedent's widow and administratrix, has appealed from an adverse judgment in her suit for wrongful death under the Jones Act, 46 U.S.C. § 688. The decedent, Russell Nolan, was employed aboard the Martha E. Greene, vessel of the defendant R. W. Greene, Jr., Sand and Gravel Company, Inc., when he drowned in the Ohio River as attempts to rescue him were being made.

Plaintiff alleges that her husband's death was due to defendant's negligence in failing to provide the decedent a safe place to work, in failing to provide a seaworthy vessel and, further in failing to provide proper rescue facilities and to take proper steps to rescue decedent. The jury returned a verdict for the defendant.

This appeal raises two primary questions: Should a Motion for Directed Verdict for plaintiff have been sustained; and, if not, did the trial judge err in his charge to the jury or when he refused plaintiff's requested instructions?

This Court is of the opinion that the trial judge properly denied plaintiff's Motion for a Directed Verdict. Plaintiff alleged several negligent causes for decedent's death, including inadequate lighting, lack of a guard rail, inadequate rescue facilities, inadequate rescue training for the crew, lack of maintenance of the alarm, and others. The evidence presented a jury issue to determine if the defendant was in fact negligent and the further question of causal connection between the seaman's death and any negligence of which the jury might have found the defendant guilty.

A distinction must be made between cases decided by a judge sitting in Admiralty and the right to a directed verdict in a Jones Act case. When a libellant in Admiralty sues under the breach of warranty of seaworthiness there is no issue of negligence. Furthermore, when a question of negligence does arise in a nonjury case the opinion ex-

John E. Wise, Louisville, Ky., for appellant, Robert F. Craven, Indianapolis, Ind., on brief.

Armer H. Mahan, Louisville, Ky., for appellee.

Before PHILLIPS and PECK, Circuit Judges, and McRAE, District Judge.*

* Honorable Robert M. McRae, Jr., Judge, United States District Court for the Western District of Tennessee, sitting by designation.

plaining the finding of negligence by the court does not necessarily mean that the judge would have granted a directed verdict for the plaintiff if the jury had been demanded. See Lutz Ruhe v. North German Lloyd Lines, 177 F.Supp. 368 (D.C. 1959) for an example of fact finding by the judge.

Plaintiff's Assignments of Error, 1–4, 8, 9, 10 raise the questions of the duty of a trial judge to charge the jury with respect to some of the particular factual issues involved, namely, failure to provide adequate lifesaving equipment, including the lifeboat, failure to provide adequate lighting, failure to provide guard rails, failure to maintain the alarm, and failure to provide a sufficient crew.

All of these assignments charge in the alternative that the Court erred in not granting a directed verdict or in failing to give a strongly worded instruction on the same principle of law.[1]

■ The test on appeal for a court's charge to the jury is: Does the charge, taken as a whole, fairly and adequately submit the issues in the case to the jury? Miller v. Brazel, 300 F.2d 283 (C.A.10 1962); Waxler v. Waxler Towing Co., 342 F.2d 764 (C.A.6 1965).

In the case of Tyree v. New York Central Railroad, 382 F.2d 524 (C.A.6 decided June 30, 1967) Senior Judge McAllister said:

"In 53 Am.Jur.—Trial—Section 842, the general rule is well stated: 'In considering the correctness and adequacy of a charge to the jury, it should be taken as a whole and read in its entirety; that is, each instruction must be considered in connection with others of the series referring to the same subject and connected therewith, and if, when taken together, they properly express the law as applicable to the particular case, there is no just ground of complaint, even though an isolated and detached clause is in itself inaccurate, ambiguous, incomplete, or otherwise subject to criticism.' Cited in support of the foregoing rule is Patapsco Insurance Co. v. Southgate, 5 Pet. 602, 621, 30 U.S. 602, 621, 8 L. Ed. 243.'"

■ This charge, taken as a whole, presented the issues of negligence to the jury. It was explained that the plaintiff's contentions included the failure to furnish a safe place to work, and that this failure encompassed any equipment and appurtenances which might be lacking. Moreover, the lack of rescue facilities and the failure to take proper steps to rescue decedent were mentioned as part of plaintiff's theories of negligence. Negligence was properly defined.

---

[1]. For example, assignment number 2 reads as follows:

"2. Did the District Court err in overruling plaintiff-appellants' Motion for Directed Verdict made at the conclusion of the defendant-appellee's proof based on the fact that the defendant-appellee failed to provide any rescue training or life saving drills for the crew of the motor vessel Martha E. Greene and thus this constituted negligence and/or unseaworthiness as a matter of law, and if not, did the court err in failing to give plaintiff-appellant's tendered instructions No. 12 and No. 14 and plaintiff-appellant's alternate instruction No. 14 on this point?"

Plaintiff-appellant's tendered instructions No. 12 and No. 14 and alternate instruction No. 14 read as follows:

"12. On the issue of defendant's negligence, you may find that the defendant, by not having sufficient lighting, by not having sufficient personnel on board the life boat or work boat, by not having a boat adequate to the purpose and by not having a crew trained in rescue attempts, exposed the plaintiff to an unreasonable risk in not being able to make a reasonable rescue attempt after it was discovered that the deceased, Russell Nolan, had gone overboard."

"14. On the issue of defendant's negligence, you may find that the failure to train the crew in life saving techniques and to hold safety drills exposed the deceased, Russell Nolan, to an unreasonable risk of harm."

(Alternate)

"14. If you find that the defendant failed to provide sufficient life saving techniques and to hold safety drills, then the law is for the plaintiff and you will so find."

This Court is of the opinion that the jury was fairly and adequately informed of the issues, which is sufficient. Casey v. Seas Shipping Co., 178 F.2d 360, 362 (2 C.A. 1949); Cohen v. Evening Star News Co., 72 App.D.C. 258, 113 F.2d 523 (1940); Moore 51:06.

■■ Assignment of Error No. 5 is based upon the failure of the Court to give the tendered instruction that the deceased was presumed to have been using due care for his own safety at the time of his death. The burden was upon the defendant to prove absence of due care on the part of the deceased, therefore, it was not necessary to instruct the jury that the decedent was presumed to be exercising due care for his own safety. Furthermore, the issue of contributory negligence does not arise in a Jones Act suit unless and until the jury finds the defendant negligent.

■ In Assignment No. 6, the plaintiff charges that counsel for the defendant improperly argued assumption of risk. The significant portion of the closing argument of defendant's counsel in this regard is as follows:

"Now, the ordinary prudent man does not traverse sidewalks within arm's length of obvious danger with impunity always, for he is subject to lurking unknown and unappreciated transitions in his environment, the invasion of his place of safety by hidden danger, someone hitting him, someone jostling him, a truck coming up over the curb, thus impelling him into the path of danger.

"Now, in such an instance, liability rests with the one responsible for the change in environment. But so long as he stays there, close as he is to obvious mayhem, no liability exists."

Impropriety of the defendant, if any, in the argument was harmless. The term "Assumption of Risk" was never mentioned by counsel or the Court. The subtle similarity of counsel's remarks to assumption of risk as a defense was harmless, particularly in view of the Court's instruction that the jury verdict must be based upon the law given in the Court's charge.

■ Assignment of Error No. 7, that the court allowed the introduction of hearsay evidence, is not well taken. Coast Guard Commander William C. Jefferies, as an expert witness, was allowed to testify concerning the condition of the boat at the time of his inspection several hours after the casualty; he was not offering testimony on what he had been told about the boat's condition at the time of the drowning. The jury, moreover, had the province of assigning proper probative value to that testimony concerning the condition of the boat sometime after the accident.

■ Plaintiff assigns as error number 11 that the Court should have directed a verdict for the plaintiff because the failure to have a sufficient number of Coast Guard approved fire extinguishers aboard the vessel "constituted negligence and/or unseaworthiness as a matter of law." In support of this assignment the plaintiff relies on Kernan v. American Dredging Co., 335 U.S. 426, 78 S.Ct. 394, 2 L.Ed.2d 382 (1957). The holding of that case confines an action for the wrongful death of a seaman to the Jones Act because an action for wrongful death does not lie under the general maritime principle of unseaworthiness. Although the case does hold that recovery may be had under the Jones Act for the death of a seaman in the absence of negligence when there has been a breach of a statutory duty, there must be a causal connection between the breach of the statutory duty and the death of the seaman. In the instant case there is no proof that failure to provide fire extinguishers even remotely caused the death of plaintiff's husband.

■ In Assignment of Error No. 12, appellant contends that the trial court's comments to the jury, concerning irrelevance of the failure to have fire extinguishers, confused the jury because the Court ascribed the requirement of fire extinguishers to "some underwriter", whereas the extinguishers were required by Coast Guard regulations. The pur-

pose of the comments of the judge in this regard was to explain that the failure to have fire extinguishers cannot establish the necessary causal connection in a wrongful death case based upon a drowning where no fire occurred prior to or at the time of the casualty. The agency that prescribed the fire extinguishers was not of significance in this regard, hence this assignment is not well taken.

■ Assignment No. 13, based upon failure to instruct the jury on the higher duty of a ship owner, is overruled. Although Jones Act cases are negligence cases with a commensurate higher duty of a ship owner, this Court has heretofore considered this duty relative to instructions in Dixon v. Serodino, Inc., 331 F.2d 668 (C.A.6, 1964), where we said: "We find no case, however, suggesting the necessity or appropriateness of making it (the higher duty) the subject of an instruction." Neither do we find such necessity under the facts of this case.

The judgment of the district court is affirmed.