Freddie RICHARDSON,
Plaintiff-Appellant,

v.

Curtis McCLUNG, Chief of Police, et al.,
Defendants-Appellees.

No. 76–4168
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Sept. 19, 1977.

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

James A. Elkins, Jr., Columbus, Ga., for plaintiff-appellant.

E. H. Polleys, Jr., Asst. City Atty., Columbus, Ga., for defendants-appellees.

Before AINSWORTH, MORGAN and GEE, Circuit Judges.

PER CURIAM:

This is a civil action brought under 42 U.S.C. § 1983 (1970), in which appellant Freddie Richardson alleges that he was dismissed as a police officer from the Columbus, Georgia, Police Department by appellees, various officials of Columbus, Georgia, for participating in activities of the local chapter of the Fraternal Order of Police and not for wilful mistreatment of a prisoner, as charged. Richardson seeks reinstatement, back pay, and punitive damages. From a jury verdict in favor of appellees, Richardson now appeals on three grounds.

First, Richardson argues that the district court erred in not permitting him to testify that no other police officer had ever been dismissed from the department for wilful mistreatment of a prisoner. The district court disallowed such testimony on the ground that it would be irrelevant. Richardson's counsel made no offer of proof at trial.[1] While Fed.R.Evid. 401 defines "relevant evidence" quite broadly, the Fifth Circuit rule, which we have continued under the new Federal Rules of Evidence, is that "the trial court's rulings on relevancy and materiality of evidence will not be disturbed absent a clear showing of an abuse of discretion." *United States v. Brown,* 5 Cir., 1977, 547 F.2d 1264, 1266. Indeed, "[t]he trial court has wide discretion in determining the relevancy and materiality of evidence in a case." *United States v. 110 Bars of Silver,* 5 Cir., 508 F.2d 799, 802, *cert. denied sub nom. Resnick v. United States,* 423 U.S. 861, 96 S.Ct. 118, 46 L.Ed.2d 89 (1975). Appellant's sole assertion that the excluded testimony "would make the fact that his dealings with the Fraternal Order of Police were the cause of his discharge more likely than his alleged

---

1. Fed.R.Evid. 103(a)(2) provides, however, that when the trial court excludes evidence, an offer of proof is unnecessary when "the substance of the evidence . . . was apparent from the context within which questions were asked."

That appears to be the situation here. *See* Record at 75–77; 1 J. Weinstein & M. Burger, *Weinstein's Evidence* ¶ 103[03] at 103–29—103–35 (1976 & Cum.Supp.1976).

mistreatment of a prisoner," Appellant's Brief at 6, demonstrates no such abuse.

Next Richardson asserts that the district court erred by allowing testimony concerning prior state court litigation and proceedings before the Columbus Personnel Review Board, in both of which appellant unsuccessfully sought reinstatement. Richardson charges that such testimony was irrelevant and prejudicial. Admission of such testimony does not constitute an abuse of discretion by the district court, *United States v. Brown, supra,* because the trial judge admitted it only after Richardson on cross-examination had denied being provided an opportunity to respond to the charges against him.

Richardson's third and final contention is that the district court erred in its jury instruction that "a supervisory officer is liable under the Civil Rights Statute if he fails to take action to protect a prisoner from abuse by others." Apparently the court derived this instruction from our statement in *Harris v. Chanclor,* 5 Cir., 1976, 537 F.2d 203, 206, that "a supervisory officer is liable under § 1983 if he refuses to intervene where his subordinates are beating an inmate in his presence." Appellant's charge that the instruction was irrelevant and prejudicial is without merit because a central issue in this litigation is whether defendants exercised good faith and had reasonable grounds for dismissing Richardson. Even were the instruction questionable, however, the district court's charge to the jury must be considered as a whole and if "the instructions taken together properly express the law applicable to the case, 'there is no just ground of complaint, even though an isolated and detached clause is in itself inaccurate, ambiguous, incomplete, or otherwise subject to criticism.' " *Lacaze v. Olendorff,* 5 Cir., 1976, 526 F.2d 1213, 1220, *citing Delancey v. Motichek Towing Service, Inc.,* 5 Cir., 1970, 427 F.2d 897, 901, *quoting Nolan v. Greene,* 6 Cir., 1967, 383 F.2d 814, 816. *Accord, International Air Industries, Inc. v. American Excelsior Co.,* 5 Cir., 1975, 517 F.2d 714, 728, *cert. denied,* 424 U.S. 943, 96 S.Ct. 1411, 47 L.Ed.2d 349 (1976). That clearly is the case here.

AFFIRMED.